IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC. | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 4:11-cv-00690-SWW |
| | * | |
| | * | |
| BREWSTER "2" CAFÉ, LLC D/B/A | * | |
| BREWSTERS "2" CAFÉ, | * | |
| | * | |
| Defendant. | * | |

ORDER
---

Plaintiff J & J Sports Productions, Inc., a California corporation, brings this action against Brewster "2" Café, LLC d/b/a Brewsters "2" Café (Brewsters), a commercial establishment in Little Rock, Arkansas, alleging Brewsters violated plaintiff's rights as the exclusive commercial domestic distributor of the televised fight program, *"Number One" Floyd Mayweather, Jr. v. Juan Marquez Championship Fight Program*.  Before the Court is plaintiff's motion for default judgment against Brewsters [doc.#8].  Plaintiff states that more than 30 days have passed since Brewsters was served with process (actually, more than a year and a half) and to date Brewsters has not filed a response to plaintiff's complaint. Plaintiff states it accordingly is entitled to judgment against Brewsters "in the sum of $50,000.00, plus pre judgment interest in the amount of $0.00, for a total

balance of $50,000.00 together with costs accrued to date in the amount of $465.76, attorney fees and said judgment is to bear interest at the rate of 10% per annum."

I.

Rule 55 of the Federal Rules of Civil Procedure contemplates a two step process for the entry of default judgments. *Fraserside IP L.L.C. v. Youngtek Solutions Ltd.*, 796 F.Supp.2d 946, 950-951 (N.D. Iowa 2011) (citation and internal quotation marks omitted). First, pursuant to Rule 55(a), the party seeking a default judgment must have the Clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend. *Id*. Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule. *Id*. Entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b). *Id*.

On April 17, 2013, the Clerk entered a Clerk's default against Brewsters. See Docket Entry #11. Accordingly, the Court considers plaintiff's motion for default judgment pursuant to Fed.R.Civ.P. 55(b).

II.

On October 13, 2011, plaintiff filed proof of service as to Brewsters but Brewsters never filed an answer or other responsive pleading to plaintiff's

complaint. Because over a year had passed with no relevant case activity since December 2011, the Court ordered that plaintiff file, *inter alia*, a status report on this action no later than April 15, 2013. Plaintiff responded by filing the motion for default judgment against Brewsters now before the Court.[1] Brewsters was given 14 days from the date of entry of the Clerk's default in which to respond to plaintiff's motion for default judgment. See Document Entry #10.

On April 23, 2013, Brewsters filed a letter with the Court dated April 22, 2013, which states as follows:

> Please review attachments included with this letter. A reply from Brewster's 2 Café was filed with Law Offices of Thomas Riley beginning on November 23, 2009 all the way through March 1, 2010 at that time by our attorney Lisa Rutledge. The documents also shows were a reply was received certified on November 27, 2009. No default judgment, no answer or response should be entered on the behalf of Brewster's 2 Café.

Document Entry #12.[2]

---

[1] Plaintiff also filed a proposed order to dismiss a separate defendant, Dena M. Patterson, against whom service had not yet been made but the docket sheet was modified to reflect that the "document was filed in error." In any case, plaintiff failed to file proof of service on Patterson as directed and she accordingly was dismissed from this action without prejudice. See Document Entry #9.

[2] Based on the attachments to Brewsters' letter, the "Law Offices of Thomas Riley" are located in South Pasadena, California. This action, however, was filed by attorneys based in Little Rock, Arkansas. No attorneys or law firms from California are listed of record in this action. Brewsters' letter also refers to its attorney, "Lisa Rutledge," but it appears, again based on the attachments, that this reference is to the law firm of Lisle/Rutledge, located in Springdale, Arkansas. No attorney has entered an appearance on behalf of Brewsters, however.

Neither this letter nor its attachments constitute an answer or other responsive pleading to plaintiff's complaint and Brewsters does not advance any sufficient argument why plaintiff's motion for default judgment should not be granted. Moreover, corporations and other business entities cannot proceed *pro se,* see, *e.g., Tribult Const. Group, LLC v. International Fidelity Ins. Co.*, No. 2:10-cv-02052, 2011 WL 2357659, *1 (W.D. Ark. June 13, 2011) (citing *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996)), and no counsel has entered an appearance on behalf of Brewsters. Accordingly, Brewsters is technically in default for that reason as well. See *id*. (noting that business entities "were technically in default when they failed to obtain substitute counsel, as the law does not allow a corporation or other business entity to proceed *pro se*").

For the foregoing reasons, the Court grants plaintiff's motion for default judgment against Brewsters. Prior to entering judgment, however, the Court must have a hearing on the amount of plaintiff's damages:

> "It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Pope v. United States,* 323 U.S. 1, 12, 65 S.Ct. 16, 89 L.Ed. 3 (1944). "The court may conduct hearings or make referrals ... when, to enter or effectuate judgment, it needs to ... determine the amount of damages." Fed.R.Civ.P. 55(b)(2)(B). *See also Am. Red Cross v. Cmty. Blood Ctr.,* 257 F.3d 859, 864 (8th Cir.2001) ("When a default judgment is entered on a claim for an indefinite or uncertain amount of damages,

facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding." (quoting *Everyday Learning Corp. v. Larson,* 242 F.3d 815, 818 (8th Cir.2001) (internal quotation marks omitted))). Once the amount of damages has been established, the court may enter judgment pursuant to the rule.

*Stephenson v. El-Batrawi*, 524 F.3d 907, 915-916 (8th Cir. 2008).

The Court finds that plaintiff's requested damages in the amount of $50,000.00 is indefinite or uncertain and that plaintiff's damages must therefore be proved in a hearing. The Court will schedule that hearing by separate Order.

IT IS SO ORDERED this 13th day of May 2013.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE