IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

J & J SPORTS PRODUCTIONS, INC.    *
                                  *
            Plaintiff,            *
                                  *
vs.                               *       No. 4:11-cv-00690-SWW
                                  *
                                  *
                                  *
BREWSTER "2" CAFÉ, LLC D/B/A       *
BREWSTERS "2" CAFÉ,                *
                                  *
            Defendant.            *

<u>ORDER</u>

Plaintiff J & J Sports Productions, Inc., a California corporation, brings this

action against Brewster "2" Café, LLC d/b/a Brewsters "2" Café (Brewsters), a

commercial establishment in Little Rock, Arkansas, pursuant to the Cable &

Television Consumer Protection and Competition Act of 1992, as amended, 47

U.S.C. § 553 *et seq*., and the Communications Act of 1934, as amended, 47 U.S.C.

§ 605 *et seq*.  Plaintiff alleges Brewsters violated its rights as the exclusive

commercial domestic distributor of the televised fight program, *"Number One"*

*Floyd Mayweather, Jr. v. Juan Marquez Championship Fight Program*.

The matter is before the Court on motion [doc.#32] of Brewsters to set aside

default order and default judgment.  Plaintiff has not responded to Brewsters'

motion and the time for doing so has long since passed.  Having considered the

matter, the Court grants Brewsters' motion to set aside default order and default

judgment.

## I.

Plaintiff filed this action on September 16, 2011 and, on October 13, 2011,

filed proof of service as to Brewsters.  On December 8, 2011, plaintiff filed a

motion to extend by 120 days the time in which to effect service of process on

then-separate defendant Dena M. Patterson.  Plaintiff stated that since the

commencement of this action, it has served Brewsters and has been attempting to

serve Patterson pursuant to Ark.R.Civ.P. 4 and 5, including service by certified

restricted mail and personal service by process server, but has been unsuccessful.

Plaintiff stated that "[i]t is felt as she is aware of the suit and she is evading

service."

By order entered December 12, 2011, the Court granted plaintiff's motion to

extend the time in which to effect service of process and extended that time 120

days from the date of entry of the December 2011 order.  However, over a year

passed with no relevant case activity since the entry of the Court's December 2011

order and the Court, by order entered April 3, 2013, ordered that plaintiff file proof

of service on Patterson and file a status report on this action no later than April 12,

2013.

On April 10, 2013, plaintiff responded to the Court's April 2013 order by filing a motion for default judgment against Brewsters.  Plaintiff also filed a proposed order to dismiss Patterson but the docket sheet reflects that the "document was filed in error."  In any case, plaintiff did not file proof of service as to Patterson and the Court, by order entered April 17, 2013, dismissed Patterson from this action without prejudice.  The Court informed the parties that it would consider plaintiff's motion for default judgment against Brewsters by separate order.

By order entered April 17, 2013, the Court construed plaintiff's motion for default judgment against Brewsters as one for entry of default by the Clerk pursuant to Fed.R.Civ.P. 55(a) and for entry of default judgment by this Court pursuant to Fed.R.Civ.P. 55(b).[1]  The Court referred plaintiff's motion to the Clerk for consideration and informed the parties that in the event a Clerk's default is entered, the Court would then consider plaintiff's motion for default judgment pursuant to Fed.R.Civ.P. 55(b).  The Court informed Brewsters that it would have

---

[1] Rule 55 of the Federal Rules of Civil Procedure sets forth a two step process for the entry of default judgments.  First, pursuant to Rule 55(a), the party seeking a default judgment must have the Clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend.  Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule.  Entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b).

14 days from the date of entry of any Clerk's default in which to respond to plaintiff's motion for default judgment.

On April 17, 2013, the Clerk entered a Clerk's default.  On April 23, 2013, Brewsters filed a letter with the Court stating as follows:

> Please review attachments included with this letter. A reply from Brewster's 2 Café was filed with Law Offices of Thomas Riley beginning on November 23, 2009 all the way through March 1, 2010 at that time by our attorney Lisa Rutledge. The documents also shows were a reply was received certified on November 27, 2009. No default judgment, no answer or response should be entered on the behalf of Brewster's 2 Café.[2]

By order entered May 13, 2013 [doc.#13], the Court granted plaintiff's motion for default judgment.  In so ruling, the Court determined that neither Brewsters' letter nor its attachments constituted an answer or other responsive pleading to plaintiff's complaint and Brewsters did not advance any sufficient argument why plaintiff's motion for default judgment should not be granted.  The Court further noted that corporations and other business entities cannot proceed *pro se,* see, *e.g., Tribult Const. Group, LLC v. International Fidelity Ins. Co.*, No.

---

[2] The Court noted that based on the attachments to Brewsters' letter, the "Law Offices of Thomas Riley" are located in South Pasadena, California but that this action was filed by attorneys based in Little Rock, Arkansas, and no attorneys or law firms from California were listed of record in this action.  Brewsters' letter also referred to its attorney, "Lisa Rutledge," but the Court noted, again based on the attachments, that it appeared that this reference was to the law firm of "Lisle/Rutledge," located in Springdale, Arkansas.  The Court noted, however, that no attorney had entered an appearance on behalf of Brewsters.

2:10-cv-02052, 2011 WL 2357659, *1 (W.D. Ark. June 13, 2011) (citing *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996)), and that Brewsters was technically in default for that reason as well given that no counsel had entered an appearance on its behalf.  See *id.* (noting that business entities "were technically in default when they failed to obtain substitute counsel, as the law does not allow a corporation or other business entity to proceed *pro se*").  The Court determined, however, that prior to entering judgment, the Court would have a hearing on the amount of plaintiff's damages.

Upon further reflection, the Court, by order entered June 17, 2013, gave Brewsters until and including June 24, 2013, in which to inform the Court why plaintiff's damages could not be ascertained on the basis of the current record and that a hearing is necessary.  The Court informed Brewsters that should it fail to so inform the Court, the Court would cancel the July 2nd  hearing and proceed to address plaintiff's damages on the basis of the current record.

In the meantime, on June 18, 2013, Thomas P. Riley, plaintiff's California counsel, requested leave to appear telephonically at the July 2nd damages hearing.  The Court granted Riley's request.[3]

---

[3] After filing this action, plaintiff's Little Rock counsel, Becky A. McHughes and Josh E. McHughes, filed pleadings on plaintiff's behalf up to June 2013.  Upon receiving Riley's request to appear telephonically at the damages hearing, the Court directed that Riley file a motion for admission *pro hac vice*, which he did.  The Court granted Riley admission *pro hac vice* as lead

On June 25, 2013, Brewsters, still appearing *pro se*, sent a letter to the Court requesting that the July 2nd hearing on damages proceed but not indicating why the matter could not be resolved on the basis of the current record.  The Court determined that a telephone conference on plaintiff's damages rather than a live hearing would be appropriate and set a telephone conference for the same date and time for which the hearing was scheduled.

On July 2, 2013, the Court held a telephone conference on plaintiff's damages.  During the telephone conference, Riley indicated that he would file an affidavit regarding damages that same day.  No such affidavit was filed, however, and on July 23, 2013, the Court entered an order directing that plaintiff file an affidavit regarding damages.

On July 24, 2013, plaintiff filed its affidavit regarding damages.  Brewsters did not respond to plaintiff's affidavit or otherwise contest its assertions and on September 3, 2013, the Court entered default judgment in favor of plaintiff and against Brewsters in the sum of $50,000.00 together with costs accrued to date in the amount of $465.76.

On October 3, 2013, California attorney Matthew Paré moved for admission *pro hac vice* on behalf of Brewsters.  The Court granted Paré's motion after which

---

counsel for plaintiff on July 1, 2013.  The McHughes remain as co-counsel for plaintiff.

Brewsters, on October 15, 2013, filed the motion to set aside default order and default judgment now before the Court.

## II.

## A.

"The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Fed.R.Civ.P. 55(c).  Although the same factors are typically relevant in deciding whether to set aside entries of default and default judgments, relief from a default judgment requires a stronger showing of excuse than relief from a mere default order.  *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) (quotation marks and citations omitted).

In determining whether "good cause" exists to set aside the entry of default, or whether "excusable neglect" exists to set aside the entry of default judgment, the Court considers a number of factors including "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused."  *Id*. at 784 (citation omitted).  "In deciding whether to set aside a default judgment for 'excusable neglect,' a district court ought not to focus narrowly on the negligent act that caused the default and ask whether the act itself

was in some sense excusable.  Instead, the court should take account of 'all

relevant circumstances surrounding the party's omission.'" *Union Pacific R. Co. v.*

*Progress Rail Services Corp.*, 256 F.3d 781, 782 (8th Cir. 2001) (quoting *Pioneer*

*Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S.

380, 395 (1993)).  "The inquiry is essentially an equitable one." *Id*.

### B.

The Court has considered the matter and concludes that the circumstances of

this action weigh in favor of setting aside the default order and default judgment.

Patterson has submitted an unrebutted affidavit on behalf of Brewsters claiming

that she was in contact with plaintiff since 2009 and was involved in settlement

negotiations that she believed would resolve the matter without resort to default

proceedings.  The record supports Patterson's assertion that she was involved in

discussions with Riley since 2009, including with the assistance of an attorney

provided through a pre-paid legal services program, and courts have held that a

reasonable belief that settlement negotiations would resolve a dispute without

resort to a court is grounds to set aside a default.  See, *e.g., Whitman v. U.S. Lines,*

*Inc.*, 88 F.R.D. 528 (E.D. Tx. 1980) (vacating entry of default where default was

result of defendant's good faith belief that settlement negotiations were ongoing

and that the matter could be resolved without resort to court).  While Brewsters

may not be entirely blameless in the significant delay caused by its failing to properly respond to plaintiff's complaint, there is no evidence that Brewsters' conduct was intentional, contumacious, or in bad faith, and the delay and impact on the judicial proceedings occasioned by Brewsters' conduct was no more significant than the delay and impact on the judicial proceedings plaintiff caused by failing to diligently prosecute this action.

In addition, the Court finds that Brewsters has met the standard for showing a meritorious defense to plaintiff's claims. See *Stephenson v. El-Batrawi*, 524 F.3d 907, 914 (8th Cir. 2008) (noting that whether a meritorious defense exists is determined by examining whether the proffered evidence would permit a finding for the defaulting party; the underlying concern is whether there is some possibility that the outcome after a full trial will be contrary to the result achieved by the default) (quotation marks and citations omitted)).  In this respect, plaintiff does not dispute that Brewsters has meritorious defenses consistent with *Stephenson*, including that Brewsters was authorized by the cable provider to exhibit the program at issue thereby precluding a violation of 47 U.S.C. § 553 and that 47 U.S.C. § 605 does not apply to this action as the signal at issue was from a cable system and not a satellite broadcast.  *Cf. J & J Productions, Inc. v. Tee's, Inc.*, No. 2:11-cv-15003, 2012 WL 6193882, *3 (E.D. Mich. Dec. 12, 2012) (denying

plaintiff's motion for summary judgment where trier of fact could determine that commercial establishment that broadcast professional boxing match over which commercial distributor of sporting events had exclusive rights was specifically authorized to do so by its cable operator and, thus, establishment did not violate § 553 absent evidence showing that defendants knew or reasonably should have been aware that the cable operator lacked authority to provide the cable service); *J & J Sports Productions, Inc. v. Manzano*, No. C-08-01872, 2008 WL 4542962, *2 (N.D. Cal. Sept. 29, 2008) ("A signal pirate violates section 553 if he intercepts a cable signal, he violates section 605 if he intercepts a satellite broadcast. But he cannot violate both by a single act of interception.").

Finally, plaintiff does not allege that it will be prejudiced in setting aside the default order and default judgment, such as by the loss of evidence or increased difficulty in discovery. See *Johnson*, 140 F.3d at 785 (noting that prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits; instead, the prejudice must be more concrete, such as the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion) (citations omitted). The Court finds on this record that plaintiff will suffer no prejudice beyond that of any other plaintiff that has a default judgment set aside.

III.

For the foregoing reasons, the Court grants Brewsters' motion [doc.#32] to set aside default order and default judgment.

IT IS SO ORDERED this 22nd day of November 2013.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE